COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley

KEVIN ALTON ROBINSON

                                            MEMORANDUM OPINION[*]

v.      Record No. 1385-21-2                          PER CURIAM
                                                  JUNE 7, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Lee A. Harris, Jr., Judge

(G. Brian Tacey; Jurach, Tacey & Quitiquit, PLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


Kevin Alton Robinson, appellant, challenges the sentence the trial court imposed upon his

convictions for felony eluding law enforcement and possession of cocaine[1]. Robinson contends that

the trial court "erred in imposing a sentence that was not commensurate with the facts of the case."

He argues that the court improperly gave "significant weight to the suggested guidelines of the

Commonwealth." After examining the briefs and record in this case, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Robinson challenges the active sentence of "two (2) years and six (6) months" imposed for the felony eluding and possession of cocaine convictions. His argument does not include the ten-day sentence incurred for his conviction of contempt of court (CR21-2111-00). Accordingly, we do not address the sentence for the contempt of court in our analysis.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Robinson pleaded guilty to felony eluding, possession of cocaine, and contempt of court. Before accepting Robinson's guilty pleas, the court conducted a colloquy with him to ensure that he understood the implications of pleading guilty. During the colloquy, the trial court expressly advised Robinson that he faced maximum potential sentences of five years' imprisonment for eluding and ten years' imprisonment for possession of cocaine. Robinson stated that he understood the potential sentences and declined the opportunity to ask the trial court any questions. The trial court accepted Robinson's pleas, finding that they were made "knowingly, intelligently, and voluntarily after advice from competent counsel."

The Commonwealth proffered that on or about January 1, 2021, Henrico County Police Officer James saw a vehicle leaving a parking lot which had a "fictitious[,] homemade license plate" and a "fictitious inspection sticker." When the vehicle pulled out of the parking lot onto West Broad Street in Henrico County, Officer James activated his emergency lights to initiate a traffic stop. The vehicle ignored the officer's signal to stop and continued traveling at or below the speed limit and the driver, later identified as Robinson, displayed his "middle finger" to the officer. Robinson eventually stopped. As Officer James approached however, Robinson "accelerate[d] at a high rate of speed," ran a red light, and "caus[ed] oncoming traffic to come to a stop and squealing tires." Officer James resumed his pursuit.

- 2 -

During the pursuit, Officer James estimated that Robinson drove up to eighty miles per hour in a residential area. Eventually, the vehicle pulled into a driveway and Robinson exited the vehicle. Robinson indicated that he did not stop because he was "wanted" in several jurisdictions and he did not want the vehicle to be towed because it belonged to his friend. Another officer recovered a pipe on the driver's side floorboard. The pipe was sent to the lab, and a forensic analysis indicated the pipe contained cocaine residue.

While Robinson's case was pending, the trial court ordered him to pretrial services with Henrico County Community Corrections. But Robinson never reported for scheduled office visits on July 6, 2021, despite his claim that he was "on his way to the appointment," and July 13, 2021. Robinson acknowledged that the Commonwealth's proffer was "fair and accurate," adding that he was driving his friend's vehicle, knew he would be arrested, and did not want his friend's vehicle to be towed. The trial court convicted Robinson of all three charges and proceeded to sentencing at his request.

The Commonwealth argued that the sentencing guideline recommendation of one day to six months' incarceration was inappropriate.[2] The Commonwealth noted that the sentencing guidelines were calculated using possession of cocaine as appellant's primary offense and eluding as his secondary offense. When the guidelines were calculated using eluding as the primary offense, however, the recommended midpoint was two years and five months' imprisonment. Furthermore, appellant's criminal record included "at least" twenty-five convictions, including thirteen felony convictions. The Commonwealth argued that the sentencing guidelines failed to account for the "many aggravating factors" in the case, including

---

[2] The sentencing guidelines contained in the record suggest a sentencing range of three to six months' incarceration.

the danger Robinson created for the officer and the community when he drove eighty miles per hour in a residential area in the middle of the afternoon.

Robinson argued that the sentencing guidelines recommendation of six months' incarceration was an appropriate disposition. He stressed that he had accepted responsibility for his actions and noted that he suffered from significant substance abuse and mental health issues. Robinson acknowledged that his conduct was unacceptable, but he asserted that he provided an explanation to the trial court and he had complied with the officers after he parked in the driveway. In allocution, appellant apologized to the officer and stated that he had not been "thinking clearly." Finding appellant's actions presented a danger to the "public and . . . the police officer," the trial court sentenced Robinson to a total of ten years and ten days' incarceration, with seven years and six months suspended. This appeal follows.

ANALYSIS

We review a circuit court's sentencing decision for abuse of discretion. *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563-64 (2016). "A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

Robinson argues that the trial court improperly gave "significant weight to the suggested guidelines of the Commonwealth." He contends that the trial court should not have considered the Commonwealth's "inappropriate argument" because the guidelines presented to the trial court were not indicative of the sentencing range the Commonwealth asked the trial court to impose. This argument lacks merit "because the guidelines provided by Code § 19.2-298.01 are discretionary,

- 4 -

rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007). "The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). Thus, "the circuit court was required only to consider the sentencing guidelines before sentencing [Robinson] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). The record reflects that the trial court considered the guidelines in this case. The presiding judge stated reasons for the sentence from the bench and provided a written explanation for the sentences imposed.

Robinson also argues that the active sentence the trial court imposed was not "commensurate with the facts of the case." The facts of the case established that Robinson engaged in conduct that endangered a law enforcement officer and the public, as well as his possession of an illicit substance. The facts of the case also included Robinson's extensive criminal history and his failure to comply with pretrial services. After considering all the circumstances, the trial court reasonably concluded that an active period of incarceration was appropriate. Appellant's sentences were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-250, 46.2-817(A).

Robinson acknowledges the precedent of *Abdo v. Commonwealth*, 218 Va. 473, 479 (1977), and other binding decisions but nevertheless invites this Court to disregard them, contending that those precedential decisions diminish the "ability for appellate courts to properly use their authority to grant relief from unnecessarily harsh sentences." We respectfully decline

- 5 -

Robinson's invitation because "'we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Furthermore, under the interpanel accord doctrine, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)).

Finally, Robinson argues that his term of active incarceration violates the Eighth Amendment because it is "unnecessarily harsh." This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). "No punishment authorized by statute, even though severe, is cruel and unusual unless it is one 'prescribing a punishment in quantum so severe for a comparatively trivial offense that it would be so out of proportion to the crime as to shock the conscience.'" *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000) (quoting *Hart v. Commonwealth*, 131 Va. 726, 745 (1921)). Appellant's offenses were not trivial and we do not find the sentence shocking to the conscience. The sentence imposed "was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99; Code §§ 18.2-10, 18.2-250, 46.2-817(A).

## CONCLUSION

For the foregoing reasons, the circuit court's decision is affirmed.

*Affirmed*.